UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWENDOLYN LA CROIX,

    Plaintiff,

v.

STATE OF MICHIGAN,

    Defendant.

Case No. 22-11772
Honorable Laurie J. Michelson
Magistrate Judge Curtis Ivy, Jr.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [17] AND GRANTING MOTION TO DISMISS [8]

Gwendolyn La Croix has sued the State of Michigan because she alleges it allows firearms to be kept inside a person's residence without any protections in place for those who reside in the home. Tragically, La Croix's son died as a result of a firearm that was left unsecured in his home. La Croix says his death is a result of the State's failure to enact or enforce gun-safety laws. La Croix asks this Court to "intercede for children, who are unprotected in the home from injury or death by firearm due to a lack of laws holding gun owners responsible for their unsecured firearms." (ECF No. 1, PageID.2.) The State has responded by moving to dismiss all claims. (ECF No. 8.)

The Court referred all pretrial matters in this case to Magistrate Judge Curtis Ivy, Jr. (ECF No. 10.) Magistrate Judge Ivy issued a Report and Recommendation recommending that the State's motion be granted and the case be dismissed. (ECF No. 17.) This recommendation is now before the Court.

At the conclusion of the February 6, 2023 Report and Recommendation, Magistrate Judge Ivy notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 17, PageID.63.) Under Federal Rule of Civil Procedure 6(d), since La Croix was served via mail, three days are added to the objection period. 17 days have now passed since the Report was served on the parties, and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 17.) It follows that the State of Michigan's motion to dismiss (ECF No. 8) is GRANTED. A separate judgment will follow.

SO ORDERED.

Dated: February 28, 2023

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE